John Katzman, Respondent, *v.* Charles J. Engelhardt, Appellant.

Supreme Court, Appellate Term, First Department, June 15, 1925.

Landlord and tenant — application by tenant to open default in action for rent — tenant, on suggestion of trial court, permitted inquest to be taken on being confronted with final order in landlord's favor in summary proceedings for non-payment of rent commenced prior to amendment of Civil Practice Act, § 1425, by Laws of 1924, chap. 514 — final order in prior proceeding did not establish landlord's right to judgment for entire month's rent — default opened.

A tenant's application to open his default in an action for rent, which he permitted to be taken against him on the suggestion of the trial court, when confronted with a final order in summary proceedings as the result of said tenant's failure to pay a month's rent, should be granted, since the effect of said final order, in proceedings which arose prior to the amendment of section 1425 of the Civil Practice Act by chapter 514 of the Laws of 1924, was not to establish the landlord's right to a judgment for the entire month's rent, but rather to determine that *some* rent was due; therefore, said final order was only *res judicata* to the extent that the landlord was entitled in any event to a nominal judgment, and the refusal to open the tenant's default on the ground that said final order was *res judicata* to the landlord's right to a judgment in the present action for rent, was error.

Moreover, defendant should not be penalized for adopting the suggestion of the trial court to permit an inquest to be taken.

APPEAL by defendant from an order of the Municipal Court, Borough of Manhattan, Seventh District, denying his motion to open his default.

*Samuel Thomas Walkup,* for the appellant.

*Samuel S. Kogan,* for the respondent.

LEVY, J.:

The default in this cause arose under the following circumstances: The plaintiff having brought an action for rent for the month of November, 1923, the defendant answered by pleading a general denial and a counterclaim. Thereafter, upon the trial of the action both parties appeared in court with their respective witnesses, and the plaintiff put in evidence a record showing the granting of a final order in summary proceedings previously maintained, which had been obtained by him as the result of the defendant's failure to pay this rent. The latter thereupon expressed surprise and disclaimed having had any previous notice of such proceedings, and the trial justice then suggested that as he was bound by the record in those proceedings to render judgment for the plaintiff for the full amount, the defendant might better refrain from attempting to prove his counterclaim, let the inquest proceed, and later open his default. The defendant, acting upon this advice, withdrew his witnesses, and the plaintiff obtained judgment by default. The motion to open this was denied, because of the fact that the record in those summary proceedings was held to be *res adjudicata* as to plaintiff's right to a judgment.

It is urged by the plaintiff that what the defendant should have done in these premises was to move to open his default in the summary proceedings and not in the present action. Aside from the possible question of laches, this would have been wholly inappropriate, as the defendant had actually vacated his apartment on November 27, 1923, before the warrant upon the aforesaid final order had been executed, but after the issuance of the precept, the due service of which, however, was denied by him. A new trial in summary proceedings, therefore, could not avail him or necessarily have the effect of restoring him to the possession of the premises formerly occupied by him. It might perhaps have lifted the bar of the conclusion assumed by the court below as having arisen from the outcome of such summary proceedings; but the difficulty is that no such conclusion could arise in consequence of the final order therein.

The Court of Appeals has disposed of this question by the case of *Jarvis* v. *Driggs* (69 N. Y. 143), wherein it held that a final order by default in summary proceedings, among other things, only

determines that *some* rent is due but not necessarily the entire rent claimed. The outcome of the prior proceedings, therefore, was only *res adjudicata* to the extent that the plaintiff was entitled to *some* rent, in any event to a nominal judgment, at least. If the summary proceedings referred to occurred to-day, the situation would doubtless be radically different, due to the amendment to section 1425 of the Civil Practice Act by chapter 514 of the Laws of 1924, which went into effect on September 1, 1924. This amendment permits a judgment for rent in connection with the granting of a final order in summary proceedings, where a demand for such rent is affirmatively made in the petition and notice thereof embodied within the precept. As the summary proceedings under discussion arose prior to the time of such amendment to the Civil Practice Act, the effect of the final order granted therein was not to establish the plaintiff's right to a judgment for the entire month's rent. We are of the opinion that the only manner in which this defendant could secure any relief whatever was by contesting in the present action; especially is this so when the granting of his motion to open the default in the summary proceedings would result at best in the trial of an academic question, particularly as it does not appear that there was a written lease between the parties. We do not feel that this defendant should be justly penalized in adopting the suggestion of the trial judge and consider it proper that the order denying his motion to open the default should be reversed.

Order reversed, motion granted, judgment vacated, and cause placed upon general calendar.

All concur; present, BIJUR, McGOLDRICK and LEVY, JJ.