In the Matter of the Application of WILLIAM H. McDONALD, JR., Respondent, for the Removal of GEORGE F. HUTTER and Another, Appellants, from Certain Premises in the City of Niagara Falls, County of Niagara, New York.*

Fourth Department, March 13, 1929.

*Ira M. J. Hovey*, for the appellants.

*J. William O'Brien*, for the respondent.

SEARS, P. J.   In 1924 the Legislature amended article 83 of the Civil Practice Act (added by Laws of 1921, chap. 199) relating to summary proceedings by adding to section 1425 the following language: " If the precept contain a notice that demand is made in the petition for a judgment for rent in arrears, and the precept is served at least five days before the return day thereof, the court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due."   (Laws of 1924, chap. 514.)

Section 1421 of the Civil Practice Act, as amended by chapter

---

* Revg. 130 Misc. 631.

513 of the Laws of 1924, ▌ determines the manner of serving the precept and is as follows:

" The precept must be served as follows:

" 1. By delivering to the person to whom it is directed, or, if it is directed to a corporation, to an officer of the corporation upon whom a summons issued out of the Supreme Court in an action against the corporation might be served, a copy of the precept together with a copy of the petition and at the same time showing him the original precept.

" 2. If the person to whom the precept is directed resides in the city or town in which the property is situated but is absent from his dwelling-house, service may be made by delivering a copy thereof, together with a copy of the petition, at his dwelling-house, to a person of suitable age and discretion who resides there; or, if no such person can with reasonable diligence be found there upon whom to make service, then by delivering a copy of the precept and petition at the property sought to be recovered, either to some person of suitable age and discretion residing there, or, if no such person can be found there, to any person of suitable age and discretion employed there.

" 3. Where service cannot with reasonable diligence be made as prescribed in either of the foregoing subdivisions of this section, by affixing a copy of the precept and petition upon a conspicuous part of the property and by depositing in a post-office another copy thereof, properly inclosed in a postpaid wrapper addressed to him at his place of residence, or upon proof by affidavit that no such residence can be found, service may be made in such manner as the court may direct.

" If the precept is returnable on the day on which it is issued, it must be served at least two hours before the hour at which it is returnable; in every other case, it must be served at least five days before the day on which it is returnable."

In this proceeding the precept was supplemented by a notice in the following language: " Take notice that demand is made in the petition herein for a judgment for rent in arrears to the amount of $495." The precept was returnable on the 15th day of June, 1926, at ten o'clock in the forenoon at the City Court of Niagara Falls. Service of the precept was made on June 8, 1926, by affixing a true copy thereof and of the petition and of section 1422 of the Civil Practice Act on the main door leading to the premises described in the precept as being the store and basement known as 1406 on the west side of Main street in the city of Niagara Falls.

At the time of the service George F. Hutter and James J. Graney, the tenants, according to the affidavits of the process server, were absent from their respective dwelling houses and could not after diligent search be found, and the process server after search could find no person of suitable age and discretion at the tenants' dwelling houses or upon the premises described in the precept upon whom such service could be made. The process server further states in his affidavit that he deposited in the post office at Niagara Falls, N. Y., on June 8, 1926, another copy of the petition and precept inclosed in a sealed postpaid wrapper, addressed to each of said tenants at his last known residence. The precept was thus served in accordance with the 3d subdivision of section 1421 of the Civil Practice Act. No question is raised as to the regularity of the service under that section.

The appellants' sole contention is to the effect that the amendment of section 1425 of the Civil Practice Act above referred to must be construed to permit a money judgment only when the precept with the statutory notice is personally served as provided in the 1st subdivision of section 1421 of the Civil Practice Act. The respondent, on the other hand, contends, as the County Court and City Court have held, that the language of the amendment of section 1425 of the Civil Practice Act is clear and permits the recovery of a money judgment for rent in arrears, whether the precept with the requisite notice is served personally or is served in any of the other ways provided in the 2d and 3d subdivisions of section 1421 of the Civil Practice Act.

It must be admitted that the language of the amendment of section 1425 is broad enough to permit the construction urged by the respondent. In construing such a practice statute, we must, however, if possible, discover the intention of the Legislature as shown by the language of the statute itself viewed in the light of other statutory provisions. (*Manhattan Co.* v. *Kaldenberg,* 165 N. Y. 1.) We are not necessarily bound by the literal language of the statute if such literal language is in conflict with the manifest intention of the Legislature. (*People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43; *Riggs* v. *Palmer,* 115 id. 506.)

Before the adoption of this amendment two separate litigations were necessary to accomplish the purposes of summarily removing a tenant and recovering rent in arrears: one, a summary proceeding; the other, an action for rent. The summary proceeding was begun by the filing of a petition, the issuance of a precept by the court, judge, justice or clerk as the particular statute prescribed, and the service of the precept as required by the statute. (Civ. Prac. Act, §§ 1413, 1415, 1418, 1421; Niagara Falls Charter [Laws of

1916, chap. 530], §§ 248, 250, 261; Justice Court Act, § 2; Id. § 5-a, added by Laws of 1921, chap. 200, as amd. by Laws of 1924, chap. 171.) The action for recovery of a money judgment was begun by the service of a summons (Civ. Prac. Act, § 218; Justice Court Act, §§ 3, 44; Niagara Falls Charter, *supra*), and such service was ordinarily made by delivery of the summons to the defendant personally. (Civ. Prac. Act, §§ 225, 228, 229; Justice Court Act, § 48 *et seq.*; Niagara Falls Charter, *supra*.) If the defendant was a resident and personal service was impracticable, substituted service was allowed in certain cases. But the substituted service could be made only upon presentation of the jurisdictional facts to the court and the granting of an order thereon. (Civ. Prac. Act, § 230 *et seq.*) If such an order was granted and substituted service made in accordance therewith, a personal judgment could be entered thereon. (*Continental National Bank* v. *Thurber*, 74 Hun, 632; affd., on opinion below, 143 N. Y. 648.) Against a non-resident, however, a personal judgment could not be entered, except upon personal service or voluntary appearance. To allow such a judgment against a non-resident on service of process other than personal would be a denial of due process of law. (*Pennoyer* v. *Neff*, 95 U. S. 714; *State of Colorado* v. *Harbeck*, 232 N. Y. 71; *Grubel* v. *Nassauer*, 210 id. 149; *Coler* v. *Corn Exchange Bank*, 250 id. 136.)

The uniform practice in this State in relation to actions for a personal judgment, so far as we know it, permits substituted service to be made only when authorized by the court in the particular case.

The purpose of the amendment of section 1425 of the Civil Practice Act above referred to was to simplify the practice and combine in a single litigation the summary proceeding and the action for rent in arrears. That purpose is accomplished if we confine the summary proceedings in which a money judgment is allowable for arrears of rent to those in which the precept has been personally served. To construe the section broadly and allow a money judgment to be obtained on what we may call substituted service, justified solely by the affidavit of the process server without the sanction of an order of the court, would be to incorporate into our law a novel practice, and to break down a long-established uniformity. It would render the amendment unconstitutional when applied to cases in which the tenant was a non-resident.

We reach the conclusion that the Legislature, by this amendment of section 1425 of the Civil Practice Act, did not intend to change the rule requiring personal service of the initiatory process or substituted service by order of the court, or voluntary appearance, for the recovery of a personal judgment, and that until the

Legislature has more clearly indicated a contrary intention, the summary proceeding, where a money judgment for rent in arrear can be granted, must be limited to one in which the precept has been personally served or the defendant has voluntarily appeared. (*Brambir* v. *Seifert*, 127 Misc. 603.)

The orders of the County Court and of the City Court of Niagara Falls should be reversed, with ten dollars costs and disbursements in this court and in the County Court, and motion to vacate the money judgment should be granted.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order of Niagara County Court and of City Court reversed on the law, with ten dollars costs and disbursements in this court and in the County Court, and motion granted.