COURT SQUARE BUILDING, INC., Plaintiff, *v.* LOUIS S. HARRIS and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, June 17, 1931.

*Leslie Lester*, for the plaintiff.

*Cohen & Sleppin*, for the defendant Cornelius F. Collins, Jr.

DAVID C. LEWIS, J. On March 17, 1930, the Court Square Building, Inc., as landlord, instituted summary proceedings against Louis S. Harris and Cornelius F. Collins, Jr., as tenant, to recover possession of premises designated as room No. 1500 in premises known as No. 2 Lafayette street, borough of Manhattan, city of New York, for the non-payment of rent.

The petition in this proceeding does not allege any partnership relationship between the tenants Louis S. Harris and Cornelius F. Collins, Jr. It does not set forth a hiring for any definite term. It simply recites that on the 14th day of January, 1927, the landlord entered into an agreement with Louis S. Harris and Cornelius F. Collins, Jr., as *tenant*, and in and by said agreement said tenant undertook to pay the landlord the sum of $216.66 monthly in advance on the first day of each month; that on the 1st day of March, 1930, there was due under and by virtue of said agreement the sum of $858.56, for December balance of $208.58, and January, February and March rent of the said premises from the 1st of December, 1929, to the 31st of March, 1930.

The petition demands judgment from the *tenant* for rent in arrears during the months of December, January, February and March in the sum of $858.56.

Likewise the precept is addressed to the *tenant* and in corresponding language demands a judgment against the tenant for $858.56, with interest from December 1, 1929.

Upon the back of the precept in the blank space following the printed phrase " the tenant appears " is the word " yes." The form headed " substituted service of precept and petition " is filled out and recites service on the 19th of March, 1930, on Louis S. Harris and Cornelius F. Collins, Jr., tenant, by delivering to and leaving true copies thereof at " *their his house*," the demised premises within named, No. 2 Lafayette street, with Mr. Feigman, who

stated he was in charge of the premises, the affidavit further setting forth that the tenant being absent at the time from " their said his house, which was the demised premises."

Apparently upon this record and pursuant to section 1425 of the Civil Practice Act a judgment for rent in the sum of $858.56 has been entered against Louis S. Harris and Cornelius F. Collins, Jr.

The said Cornelius F. Collins, Jr., now moves to vacate the judgment, alleging that at no time was he ever served with any papers; at no time did he have any notice of any proceedings; and that his former partnership with the tenant Harris had been dissolved over a year prior to the institution of these proceedings.

A mere comparison of the proof of service with the provisions of section 1421 of the Civil Practice Act discloses the fatal defects in the alleged service of the precept.

The precept in summary proceedings can only be served as prescribed by the Civil Practice Act (Section 1421). And unless there has been a sufficient appearance by the tenant, service in any other way will not endow the court with jurisdiction.

The matter of voluntary appearance is covered by section 237 of the Civil Practice Act and apparently these provisions are exclusive.

" The answer to this is that it has been held in a number of cases that the general appearance of a defendant in an action cannot be made in any other manner than that prescribed by section 421 of the Code of Civil Procedure." (*Duimo* v. *Arbuckle*, 166 App. Div. 86, at p. 88.)

In line with this holding we find Mr. Justice LAUER, in an early edition of his work on Municipal Courts, stating: " If he appears generally he must do so in the manner prescribed by section 421, C. C. P., since that section prescribes the only manner in which a general appearance can be made." (Lauer Practice & Procedure in Municipal Court [1916], at p. 182.)

In the case at bar a money judgment was sought and secured, so that the proceeding partook of the nature of an action.

" The purpose of the amendment of section 1425 of the Civil Practice Act above referred to was to simplify the practice and combine in a single litigation the summary proceeding and the action for rent in arrears. That purpose is accomplished if we can find the summary proceedings in which a money judgment is allowable for arrears of rent to those in which the precept has been personally served. To construe the section broadly and allow a money judgment to be obtained on what we may call substituted service, justified solely by the affidavit of the process server without the sanction of an order of the court, would be to incorporate

into our law a novel practice, and to break down a long-established uniformity." (*Matter of McDonald*, 225 App. Div. 403, at p. 406.) (See, also, *Brambir* v. *Seifert*, 127 Misc. 603.)

In passing on this question, one is mindful of the customary procedure in these courts on the return day of a precept. There is no sworn testimony taken or stenographic minutes taken. Some person (not necessarily the tenant himself) invariably appears as tenant, interposes no answer, but simply seeks time to pay or move. The identification of the person answering as tenant is not distinctly established.

If we are to treat the proceedings as instituted solely for the summary recovery of the possession of real property (eliminating the demand for a money judgment), the appearance of a tenant on the return day, without interposing answer, may constitute an appearance in person sufficient to give the court jurisdiction.

" On the contrary, the parties both appeared upon the case being called, the tenant in person and by her attorney, the latter presenting the copy summons served, which was returnable on the 9th, and stated that the tenant did not propose to offer any opposition to the proceedings but asked for a stay of the warrant for a few days, whereupon the usual judgment was then entered by default." (*Nemetty* v. *Naylor*, 100 N. Y. 562, at p. 569.)

In that instance the appearance noted was given great weight in sustaining the jurisdiction of the court.

A reference to the case on appeal discloses that though the indorsement on the summons made on the return day indicated the tenant as not appearing, the return of the justice on the certiorari reciting the facts as above set forth was deemed sufficient in the premises. (See *Nemetty* v. *Naylor, supra*.)

Upon the record here presented, the money judgment should be vacated and the question of jurisdiction in connection with the final order in summary proceeding should be set down for hearing so that the proof may be properly submitted and the facts properly adjudicated.

Submit order on two days' notice.