WITT-STUART REALTY CORPORATION, Respondent, *v.* SAMUEL MANTELL, Appellant.

Supreme Court, Appellate Term, First Department, March 21, 1935.

*Tetelman & Tetelman* [*Louis L. Tetelman* and *Harry Cohen* of counsel], for the appellant.

*Milton N. Mound,* for the respondent.

FRANKENTHALER, J.  Action to recover $708.30, balance alleged to be due under a written lease, also to recover $6.65 for electric current furnished defendant.  Answer, general denial, accord and satisfaction, payment and agreement modified.

It is stated in the opposing affidavit that the lease provides for a rental of $183.33 a month; that in December, 1933, plaintiff's officer Witty agreed to modify the lease by reducing the rent to $125 a month; that defendant accordingly paid the rental of $125 a month since December, 1933, and also paid the charges for electricity.

In August, 1934, defendant received a letter from the landlord's agent notifying him he was in arrears in the sum of $524.97 and that on September first an additional sum of $183.33 would accrue together with electricity charges; and that in default of payment proceedings would be brought against the tenant.  Thereafter summary proceedings were commenced for the non-payment of the June, July and August, 1934, rent, amounting, less a credit of $25.02, to $524.97.  Personal service of the precept was not made, and in September defendant removed from the premises. He admits that he owes rent for the part of September during which he actually occupied the premises, amounting to $30.25. The lease is not set out in the petition in the summary proceeding, the averments therein being consistent with a monthly tenancy.

The justice granted partial judgment in this action for $524.97, the amount of rental alleged to be in arrears in the summary proceeding " with leave to defendant to take such steps as are necessary to prove his defenses in said summary proceeding.  Should there be a modification of the final order defendant may move to set aside this judgment."  He also permitted thirty dollars and twenty-five cents to be included in the partial judgment.

Respondent contends that the final order which he claims was made in the summary proceeding is conclusive as to the amount of rent then due, and that the decision of the justice below directing judgment in that sum, with leave to the defendant to move to open his default in the summary proceeding, should be sustained. But the landlord's final order or judgment in summary proceedings does not conclude a defaulting tenant as to the amount of rent alleged to be due, for if any rent whatever is due and unpaid, and there is a holding over by the tenant without permission after

demand, the landlord is entitled to a warrant of dispossession. (*Jarvis* v. *Driggs*, 69 N. Y. 143; and see Keogh, Landlord & Tenant, Summary Proceedings, 304, 320.)

In the opinion in the *Jarvis* case it is stated that on the appeal to the Court of Appeals in *Brown* v. *Mayor* (66 N. Y. 385) no question was raised as to the amount of the judgment entered as a result of the prior summary proceeding for non-payment of rent in that controversy. So in the *Jarvis* case there was no question below as to the amount of the rent; the question raised was whether plaintiffs were upon the proofs entitled to recover anything; and the court was of opinion that the case was litigated on other issues and that plaintiffs were entitled at least to nominal damages.

On the facts in this case the argument of the respondent that the adjudication that some rent is due justifies the direction of summary judgment for $524.97, all of the rent in the summary proceeding, is not persuasive, and is not sustained by controlling authority.

In *Katzman* v. *Engelhardt* (125 Misc. 168) this court has held that a final order rendered upon the default of a tenant in summary proceedings for non-payment of rent did not preclude the opening of his default in a subsequent action to recover the rent in arrear, for the reason that the final order merely determined that some rent was due, not necessarily the entire rent claimed. The dictum in that case, that doubtless under the 1924 amendment of section 1425 of the Civil Practice Act authorizing judgment for the rent, the result would be radically different, need not be considered, in the light of our subsequent decision (*Brambir* v. *Seifert*, 127 Misc. 603; approved and followed by the Appellate Division, Fourth Department, *Matter of McDonald*, 225 App. Div. 403), that judgment for the rent due may not be entered in a summary proceeding in the absence of personal service of the precept. As before stated, there was no personal service made in this case.

It seems to me that in any event there is no room here for the application of the doctrine *res adjudicata*, for apparently no final order was made in the proceeding. Section 1430 of the Civil Practice Act provides that where the decision is in favor of the petitioner the judge or justice must make a final order awarding to the petitioner the delivery of the possession of the property together with the costs of the proceeding. The direction contained in the papers, " warrant to issue the 11th day of Sept. 1934, J. R. justice," is not a final order; it is a mere direction to the clerk to issue a warrant on that date, section 1432 of the Civil Practice Act providing that where the final order is in favor of the

petitioner the judge or justice must thereupon issue a warrant for the removal of all persons from the premises. When the final order is delivered to the clerk, in the Municipal Court, it is his duty to sign and issue the warrant unless he is stayed by the court or statute. (*People ex rel. Kilgallon* v. *Nuhn,* 92 Misc. 312; affd., 173 App. Div. 895.)

Judgment and order modified by reducing plaintiff's recovery to the sum of thirty dollars and twenty-five cents, and as modified affirmed, and action severed as to the balance of plaintiff's demand.

All concur; present, LYDON, HAMMER and FRANKENTHALER, JJ.