Philip B. Heller, J.
The landlord, in this summary proceeding seeks possession of real property occupied by the tenant respondent because of nonpayment of four months ’ rent. He also seeks a judgment for the rent in arrears. A problem arises because service on the respondent has been made by substituted service under section 735 of the Real Property Actions and Proceedings Law.
The affidavit of service states that the process server “was unable to serve Robert F. Upton, Jr., respondent by personal delivery and that service was made by leaving a copy of the notice of petition and petition with a person of suitable age and discretion who resided at the property and by mailing a copy to the respondent at the property sought to be recovered which is his residence.
The proceeding was originally returnable on November 25. It came on to be heard on November 26,1963, because of the closing of the courts on the 25th by reason of President Kennedy’s death. The respondent defaulted. The landlord, now seeks a judgment for possession and also for arrears of rent. His application is granted solely as to the judgment for possession and is denied without prejudice to a plenary suit for any rent arrears.
Section 735 of the Real Property Actions and Proceedings Law provides that “ Service of the notice of petition and petition shall be made in the same manner as personal service of a summons in an action; except that if service cannot be made in such manner, it shall be made by delivering to and leaving personally with a person of suitable age and discretion who *1088 resides * * * at the property sought to be recovered, a copy of the notice of petition and petition ” (italics supplied).
Section 308 of the Civil Practice Law and Buies provides how personal service of a summons upon a natural person shall be made. Subdivision 1 of that section specified personal delivery within the State to the person to be served. Subdivision 3 provides that: “ where service under paragraph [subdivision] one cannot be made with due diligence, by mailing the summons to the person to be served at his last Jcnown residence [by affixation or service on a person of suitable age and discretion] * * * and proof of such service shall be filed with the clerk of the court designated in the summons and service is complete ten days thereafter ”. (Italics supplied.)
It is immediately apparent that the manner provided for substituted service of a notice of petition differs from that for a summons. One basic difference is that there must be a showing of due diligence in the case of a summons which is not required in the ease of a notice of petition. There has been no such showing of due diligence to effect personal service in this proceeding as would warrant a judgment for rent had the rent demand been the subject of a separate action.
Moreover, if we were dealing with an action for rent brought on by a summons, the record would show that the respondent’s time to answer has not expired. The notice of petition was filed with proof of service on November 18. The service was, therefore, complete as to that phase of the proceeding (assuming proper basis for substituted service and a proper affidavit of service) on November 28, a holiday, and so on November 29. This application would, therefore, be untimely insofar as it sought a money judgment because the time to answer would not yet have expired were this an action for rent.
For this court to grant a judgment for rent at this point it must have acquired jurisdiction of the person of the tenant as though the proceeding were an action for rent (Matter of McDonald, 225 App. Div. 403 ; 2 Basch, Landlord and Tenant and Summary Proceedings, p. 1181). As stated by Basch, loc. cit.: “ A distinction, however, must be made between the substituted service of the precept and petition permitted by section 1421 of the Civil Practice Act [see Beal Property Actions and Proceedings Law, § 735] and the type of substituted service that is required to warrant a judgment for rent. A judgment for rent in a summary proceeding may only be granted upon a service that would be suffidient for that purpose in an action for rent.” (Italics supplied.) The historical background for this dichotomy is adequately briefed in Matter of McDonald and requires no restate *1089 ment here. It is sufficient to note that under the Civil Practice Act it was repeatedly held that no judgment for rent could be granted on default in summary proceedings for possession in the absence of either personal service or substituted service by court order, i.e., those methods of service which would sustain a judgment were the defendant to default in an action (Matter of McDonald, 225 App. Div. 403, supra; Court Sq. Bldg. v. Harris, 140 Misc. 542; Witt-Stuart Realty Corp. v. Mantell, 155 Misc. 165; Havemyer v. Luttinger, 155 Misc. 586).
I now hold that the same principles are applicable under the pertinent provisions of the Civil Practice Law and Bules and the Beal Property Actions and Proceedings Law. There is a distinction to be made between substituted service permitted by section 735 of the Beal Property Actions and Proceedings Law and by section 308 of the Civil Practice Law and Bules and the consequences flowing therefrom. The proof submitted to the court fails to establish (a) that service of process sufficient to .sustain a personal judgment in an action has in fact been made, or (b) that the respondent is in fact in default as he would have to be in an action in order to warrant a judgment for money.
Since there can only be one judgment in this proceeding, I have signed a judgment for possession and that judgment is granted without prejudice to the rights and remedies of the landlord to rent in arrears.