Maurice Wahl, J.
This is a summary proceeding for nonpayment of rent in the sum of $2,265.84, reflecting the rental due for the months of October, November and December, 1964, *428 and January, 1965, on premises at 375 Park Avenue and occupied by the tenant for use as a law office.
The notice of petition and petition and the demand for rent were served by conspicuous place and substituted service, respectively. In each instance the process server made only one attempt to effect personal service.
Respondent tenant objects to jurisdiction of this court, claiming that service of process as aforesaid was defective because of failure to make diligent effort to serve personally. He also asserts that the petition was not properly verified.
The service of notice of petition and petition is governed by section 735 of the Real Property Actions and Proceedings Law. There is no requirement in said section that “ due diligence ” to effect personal service be first exercised by the process server in order to justify substituted or conspicuous place service. Section 735 of the Real Property Actions and Proceedings Law differs from CPLR 308, which provides for service of a summons as set forth in subdivision 3 thereof, only after due and diligent efforts to serve personally meet with failure. It is apparent that the Legislature deliberately omitted the requirement of due diligence in connection with the service of process in a summary proceeding, especially when the legislative history of section 1421 of the Civil Practice Act is studied. That statute previously required due diligence to serve either personally or by substituted service before conspicuous place service could be resorted to. In 1954 section 1421 of the ¡Civil Practice Act was amended so as to delete the necessity for due diligence even in the case of conspicuous place service, and the new section 735 of the Real Property Actions and Proceedings Law adopts the provisions of section 1421, as amended in 1954, in this regard. However, the courts have held that although it is not necessary to show due diligence before resorting to substituted or conspicuous place service, unless such diligence is first shown, the landlord is not entitled to a money judgment but only to an award of possession of the premises. (Wayside Homes v. Upton, 40 Mise 2d 1087; Matter of Raymond v. Grots, 31 Misc 2d 925.)
Respondent’s contention that the petition is defective in that it was not properly verified is without merit. The verification is a corporate verification, and in any event the Real Property Actions and Proceedings Law does not require the verification of a petition.
Accordingly, a final judgment shall be entered herein awarding possession of the premises to the landlord, without prejudice to its right to institute any action at law it may deem advisable to recover a money judgment for the rent demanded herein.