Joseph P. Stjllivah, J.
This matter was submitted for a jurisdictional hearing on the issue whether “ due diligence ” to effect personal service of the notice and petition was first exercised by the process server before recourse was had to conspicuous place .service.
In a prior hearing on a traverse, jurisdiction achieved by conspicuous place service was sustained. However the issue *794 of due diligence — not necessary to a conspicuous place service under section 735 of the Beal Property Actions and Proceedings Law — was not before the court. The issue now looms important because the landlord, on the tenants’ default in appearing or answering, seeks an award for rent due in the judgment to be entered herein.
It is a prerequisite to the grant of a money judgment that the court have acquired jurisdiction of the person of the tenant as though the proceeding were an action for rent (Matter of McDonald, 225 App. Div. 403).
Petitioner contends that where the landlord shows due diligence in attempting to make personal .service he is entitled to a money judgment and not just to an award of possession of the premises (Matter of Seagram & Sons v. Rossi, 45 Misc 2d 427, 428; Wayside Homes v. Upton, 40 Misc 2d 1087, 1088; Matter of Raymond v. Grotz, 31 Misc 2d 925).
The service of process in a summary proceeding is governed by .section 735 of the Beal Property Actions and Proceedings Law. This section contains no requirement that ‘ ‘ due diligence ” to effect personal service be first exercised to justify substituted or conspicuous place service. In that respect and others, it differs from CPLB 308 (subd. 4) which provides for substituted or conspicuous place service only after due and diligent efforts to serve personally have failed. The purpose of the substituted service provided for under CPLB 308 (subd. 4) is to allow to a plaintiff, who cannot with due diligence effectuate personal service, another form of service to acquire personal jurisdiction (Denning v. Lettenty, 48 Misc 2d 185, 186, 187).
When the legislative history of the predecessor section to section 735 of the Beal Property Actions and Proceedings Law is examined, it is clear that the Legislature’s omission of the requirement of due diligence in the service of process in a summary proceeding is no oversight (see Matter of Seagram & Sons v. Rossi, 45 Misc 2d 427, 428, supra). So, clearly, the Legislature never intended the substituted service under section 735 of the Beal Property Actions and Proceedings Law to be the equivalent of substituted service under CPLB 308 (subd. 4).
Aside from the requirement of due diligence there are other distinctions between the .substituted service permitted by section 735 of the Beal Property Actions and Proceedings Law and by CPLB 308 (subd. 4) and the consequences flowing therefrom (see Wayside Homes v. Upton, 40 Misc 2d 1087, 1089, supra). To begin with, the affixing under CPLB 308 (subd. 4) must be at the “ actual place of business, dwelling place or usual place *795 of abode within the state ” of the person to be .served. Section 735 requires affixing “ upon a conspicuous part of the property sought to be recovered ’ ’. This is a difference of substance, not a mere semantical distinction. The former requirement is calculated to acquire jurisdiction of the person; the latter seeks only jurisdiction of the res.
The evidence adduced at the hearing clearly indicates that the process server acted with ‘ ‘ due diligence ’ ’ to effect personal service. Before affixing process to the door, he had made two earlier visits that same day to the tenants ’ apartment in an effort to make personal service. While the service ultimately effected complied with section 735 of the Real Property Actions and Proceedings Law, the procedure followed by the process server did not meet the requiremtnts of CPLR 308 (subd. 4). Without compliance with the latter, no amount of due diligence exerted on a section 735 conspicuous place service can infuse a proceeding in rem with jurisdiction over the person.
Accordingly, the judgment to be entered herein shall be for possession only. This disposition is, of course, without prejudice to the landlord’s right to commence an action at law for the recovery of the rent due.