Lawrence Newmark, J.
In this summary proceeding, petitioner has -sought to recover possession of the property rented and also judgment for the rent owed.
The respondent was served by substituted service pursuant to section 735 of the Real Property Actions and Proceedings Law by serving a copy of the notice of petition and petition upon a person of suitable age and discretion at the property to be recovered (in this case the respondent’s residence) and mailing a copy of said papers to the respondent at her residence. This service complies with service under CPLR 308 (subd. 2), which upon completion confers personal jurisdiction.
Service is complete under -section 735 of the Real Property Actions and Proceedings Law when the notice of petition, petition and proof of service are filed with the clerk of the court. According to CPLR 308 (subd. 2) service is complete 10 days after proof of such service is filed with the clerk of the court. The respondent defaulted on return date , of petition. Judgment was entered against the respondent, but for possession only and not awarding the petitioner the amount demanded. The question is whether or not a money judgment may be awarded to the petitioner.
It is well established that the court may only give judgment for a sum of money when it has personal jurisdiction over the respondent as though the proceeding were an action for rent (1405 Realty Corp. v. Napier, 68 Misc 2d 793).
In Wayside Homes v. Upton (40 Misc 2d 1087) the District Court of Nassau County dealt with the same problem as is here presented. There the landlord sought possession of the real property and also judgment for the rent in arrears. Service of process was made by substituted service (by service upon a person of suitable age and discretion) as provided by section 735 of the Real Property Actions and Proceedings Law. At that time substituted service under CPLR 308 required a showing of due diligence. There was no showing of due diligence; consequently there was no personal jurisdiction which would warrant a judgment for rent. Furthermore, the court said that to grant a judgment for rent it must have acquired personal jurisdiction as if the action were for rent (citing Matter of McDonald, 225 App. Div. 403), in which case the record would show that the respondent’s time to answer had not expired. The court held that it could only grant a default judgment for rent in a summary proceeding upon service of process that would be sufficient for that purpose in an action for rent. The proof submitted failed to establish that the respondent was ‘ in *592 fact in default as he would have to he in an action in order to warrant a judgment for money ”. {Supra, p. 1089.)
Here, the service accomplished complies with the requisites of substituted service under CPLR 308 (subd. 2); however, as in Wayside Homes, there is a failure to establish that respondent is in default as she would have to be for petitioner to recover a money judgment in an action for rent. The notice of petition did not contain the admonition provided for by rule 3935.3 of the rules of this court (22 NYCRR 3935.3) to the effect that if the .summons is served other than personally, that respondent would have 30 days after proof of service to answer. In addition, and perhaps more important, the return date of the notice of petition was only 9 days after the filing thereof and pursuant to CPLR 308 (subd. 2) service would not be complete until 10 days after filing. Hence, not only is there the question of thq 30-day period after service is complete before judgment can be entered, but there is a basic lack of jurisdiction as to any attempt to obtain a money judgment in this matter.
Hence, the court will not approve the resettled judgment.