OPINION OF THE COURT
Sam Eisenberg, J.
In this summary proceeding for nonpayment of rent, the respondent tenant appeared on the return date challenging the jurisdiction of the court because of alleged inadequate service and asserting a total offset against the rent claimed in the petition. Service was made by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered and by certified mailing of a copy to the respondent, all as required by RPAPL 735. With respect to the offset, the tenant asserted that the landlord had advised him that he did not intend to return the tenant’s security to it, at the close of the lease, and that that anticipated breach of obligation entitled the tenant to a present offset of the amount of the security against the unpaid rent.
The matter was thereupon set down for a hearing on the merits, following a traverse hearing dependent upon the court’s finding with respect thereto. A traverse hearing was held and the attorney for the petitioner who had served the process testified that he went to the building at about 6:00 p.m. and while he observed that work was going on in the building and that lights were on in the office, he *218 was unable to obtain admittance to the interior of the premises through any door, whereupon he posted the notice of petition and petition and thereafter mailed a copy to the respondent by certified mail. In reliance upon this testimony, the court found that service by affixation and mailing as permitted by RPAPL 735, was properly and adequately made.
Following the traverse hearing, the court inquired of the tenant’s attorney as to whether he then intended to withdraw from any further participation in the proceedings. In response, the tenant by its attorney elected to participate in the trial of the proceedings on the merits. Nevertheless, the tenant persists that this court has no authority to grant a money judgment and that in view of the method of service, it is confined to an in rem judgment under which it may only award or deny possession of the premises.
There is no question that the method of service used upon the tenant did not, initially, serve to confer in personam jurisdiction upon the court. Conspicuous place service under RPAPL 735 where the process server is unable to obtain admittance confers only in rem jurisdiction as distinguished from substituted service under CPLR 308 (subd 4) which confers in personam jurisdiction after "due diligence” to serve the process has been exercised without success. (Wayside Homes v Upton, 40 Misc 2d 1087.)
While the method of service may not initially confer personal jurisdiction upon the court, it may thereafter be conferred by the voluntary appearance of the defendant. (3 Rasch, New York Landlord and Tenant, § 1358.)
The tenant contends that his appearance for the purpose of contesting service did not confer personal jurisdiction, although the court found the service to be adequate and proper.
Despite such Civil Court decisions as Matter of Seagram & Sons v Rossi (45 Misc 2d 427) and 1405 Realty Corp. v Napier (68 Misc 2d 793), this court has some doubt as to whether it is denied in personam jurisdiction in a nonpayment summary proceeding after an appearance by a tenant to attach conspicuous place service and a determination that such service was properly effected in the absence of a finding by an appellate court that the trial court *219 did not have jurisdiction in the first instance. This doubt flows, firstly, from the fact that there is no distinction between special and general appearances and, secondly, from the fact that the provisions of CPLR 320 and 3211 (subd [a], pars 8, 9) which, under the circumstances therein stated, prevent a limited appearance from conferring personal jurisdiction do not seem to apply to a summary proceeding for nonpayment of rent. (See the discussion of the subject by Joseph M. McLaughlin, Esq., in his Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:5, p 372.)
But, there is no doubt that participation in a trial of the merits of a case, even after a limited appearance to challenge jurisdiction, grants to the court authority to award a personal júdgment consistent with the demands of the complaint or petition. In this connection, a part of the comments of Joseph M. McLaughlin, Esq. (Practice" Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:5, p 372) are particularly interesting. He notes the effect of proceeding to trial after denial of a motion to dismiss for lack of jurisdiction over the res, as follows: “If he goes to trial after losing the motion and defends on the merits, he will be held to have submitted to personal jurisdiction, unless it should be held, upon appeal, that the trial court did not have in rem jurisdiction to begin with. But if it is held that the court did have at least in rem jurisdiction, then even though there was no personal jurisdiction at the threshold, the defendant’s continued participation in the defense of the in rem claim will amount to a submission to in personam jurisdiction.”
That conclusion would appear to apply with equal or greater force to participation in the defense of an in personam claim after a rejection by the court of a claim of lack of in rem jurisdiction. And where a case, as a summary proceeding for nonpayment of rent, has in rem and in personam aspects, the full participation in defense of both certainly confers jurisdiction upon the court to grant both an in rem and in personam judgment. The respondent has fully participated in every aspect of the case and is, therefore, subject to in personam and in rem jurisdiction.
*220 And now with respect to the tenant’s claim of its entitlement to an offset against the rent; the tenant does not deny that he has not paid the rent, but it claims that the landlord has announced that he will not, at the end of the lease term, return the security held by him and thus he has breached the terms of the lease and that the tenant is thereby now entitled to offset the amount of the security as damages for the alleged anticipatory breach.
The issue is clearly raised as to whether the tenant, under these circumstances, may interpose as a defense the alleged anticipatory breach by the landlord. The landlord for his part asserted that he is prepared to return the security held by him at the close of the term as required by the lease, but he disputes the amount of security alleged by the tenant to be held by the landlord.
An anticipatory breach may not be freely interposed in every case as a defense against a claim by a plaintiff or a petitioning party. The doctrine of anticipatory breach, as a defense or as an offset, has not been applied to all types of contracts. Its application has generally been limited to bilateral contracts wherein there are mutual and interdependent obligations between the parties. On the other hand, where the contracts are unilateral, in nature, containing therein independent obligations, the doctrine of anticipatory breach may not be employed to offset an obligation clearly owing by the party asserting the anticipated breach. A further limitation on the application of the doctrine of anticipatory breach occurs also where there are independent promises and obligations although contained in bilateral contracts. In such instances the bilateral contracts with the separate independent obligations will be treated as independent contracts and the use of an anticipatory breach as a defense will not be permitted. (Long Is. R.R. Co. v Northville Inds. Corp., 41 NY2d 455.)
Typically, leases have been treated as examples of bilateral contracts containing independent obligations. In such cases the doctrine of anticipatory breach does not apply. Consistent, with this view of the law, prevailing in New York, the courts have not permitted actions for future rent under a lease in the absence of a separate obligation created by acceleration for failure to make payment. *221 (Maflo Holding Corp. v S. J. Blume, Inc., 308 NY 570.) It is a logical extension of this concept to hold that the obligation to return security upon the termination of a lease is a separate, independent obligation, although contained in a lease which may be regarded as a bilateral contract. Thus, the anticipated refusal to return security may not be used as a defense or an. offset in an action for rent. A similar conclusion was reached by the court in the case of Turquoise Realty Corp. v Burke (168 Misc 670). The court therein noted that the landlord’s duty to keep deposit as a “trust fund” and the tenant’s obligation to pay rent for the use of the property are independent obligations (citing 3 Williston, Contracts [rev ed], § 890). From that reasoning it concluded that even the conversion of security is not a defense to a claim for rent.
Considering, therefore, the state of the law, and the fact that the dispute between the parties is centered on the amount of security held by the landlord, the defense of the tenant is rejected and the court finds that the tenant is indebted to the landlord as and for rent for the months of May and June, 1982 in the aggregate amount of $9,166.66. Judgment is therefore granted to the landlord in that amount together with costs and disbursements of this proceeding and awarding possession of the premises to the landlord.