Rosebud Owner LLC v Sang Tan Park (2024 NY Slip Op 50151(U))

[*1]

Rosebud Owner LLC v Sang Tan Park

2024 NY Slip Op 50151(U)

Decided on February 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

571372/23

Rosebud Owner LLC, Plaintiff-Appellant,
against
Sang Tan Park, Defendant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Evon M. Asforis, J.), dated November 24, 2023, which denied its motion to amend the petition and for summary judgment in a nonpayment summary proceeding.

Per Curiam.
Order (Evon M. Asforis, J.), dated November 24, 2023, reversed, without costs, and motion granted to the extent of amending the nonpayment petition and awarding landlord a money judgment in the principal sum of $45,000.
Landlord's unopposed motion to amend the nonpayment petition and for summary judgment thereon should have been granted, based on its unrebutted showing that tenant failed to pay rent arrears of $45,500 shown to have been owed through March 2021. Tenant's voluntary vacatur during the pendency of the proceeding did not deprive the court of jurisdiction over the monetary claims contained in the petition (see Mauer-Bach Realty LLC v Gomez, 43 Misc 3d 141[A], 2014 NY Slip Op 50845[U] [App Term, 1st Dept 2014]).
Nor was it proper to deny entry of a money judgment on the ground that tenant "was not served personally." The court below apparently relied upon cases precluding entry of a money judgment against a tenant who defaults in appearing unless there was personal service or an indication that the process server used due diligence before resorting to conspicuous service (see Oppenheim v Spike, 107 Misc 3d 55 [App Term, 1st Dept 1980]; see also Borg v Feeley, 56 Misc 3d 128[A], 2017 NY Slip Op 50834[U] [App Term, 1st Dept 2017]). However, these cases have no application here because tenant appeared in the action (see Matter of McDonald, 225 App Div 403 [1929]; Brambir v Seifert, 127 Misc 603 [App Term, 1st Dept 1926]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 15, 2024