■ ROBINSON CALLEN, Appellant, v. ALBERT C. DE KONINCK et al., Respondents.— In a summary dispossess proceeding to recover possession of certain premises and arrears of rent, the petitioner landlord, by permission of this court, appeals from so much of an order of the Appellate Term of the Supreme Court, entered May 29, 1964, reversing a final order of the District Court, Nassau County, in the tenants' favor, as denied recovery by the landlord of an in personam money judgment for rent arrears against the respondent, Albert C. De Koninck, one of the tenants who had defaulted in answering the petition after substituted service of the precept upon him pursuant to a court order. Order of Appellate Term, insofar as appealed from, reversed on the law, with $10 costs and disbursements, and money judgment directed to be entered in favor of the landlord and against the respondent tenant, Albert C. De Koninck, as prayed for in the petition. No questions of fact have been considered. We are of the opinion that the circumstances of the service of process against the respondent, Albert C. De Koninck, were sufficient to give the court in personam jurisdiction over him. We would agree that if one utilized merely the provisions of subdivision b of section 1421 of the former Civil Practice Act in order to effect service, the court would obtain only in rem jurisdiction over the property. Here, however, the petitioner obtained a court order to serve a resident who was evading service. The procedure followed was the same as the procedure prescribed by the other applicable provisions of the former statute (Civ. Prac. Act, §§ 230, 231) which conferred in personam jurisdiction. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ RAYMOND COLONEL, Appellant, v. MYNEL TRANSPORTATION CORP., Respondent, et al., Defendant.— In a negligence action to recover damages for personal injury, the plaintiff appeals from an order of the Supreme Court, Westchester County, entered December 9, 1964, which granted the motion of the defendant, Mynel Transportation Corp., for a physical examination of the plaintiff by a physician designated by the defendant. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, it was an improper exercise of discretion to grant a physical examination after this defendant, without any reasonable excuse, had defaulted in conducting such examination pursuant to a notice previously served by plaintiff. It was also improper to grant the examination since the defendant had failed to move to strike the action from the calendar within 20 days after plaintiff had served a statement of readiness, and since the defendant had failed to show that any unusual or unanticipated conditions had subsequently developed (Williams v. New York City Tr. Auth., 23 A D 2d 590; Juett v. Paesani, 19 A D 2d 726; Byrnes v. Dan's Taxi, 18 A D 2d 807). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.