OPINION OF THE COURT
Arnold P. Etelson, J.
In this nonpayment summary proceeding respondent has not appeared and a warrant has been issued. The issue: Is petitioner entitled to a money judgment?
The circumstances are unusual. The process server made four attempts to serve the statutory three-day notice demanding rent and on the fourth attempt served same by conspicuous service and statutory mailing on July 24, 1998. On August 10 he made one attempt to serve the notice of petition and petition and on August 11 made two more attempts and then served them by conspicuous service and statutory mailing on August 13. The eviction papers were filed in the Spring Valley Justice Court, but that proceeding was dismissed on August 18 on respondent’s motion for lack of jurisdiction as the premises did not lie within the territory of that village. On August 19 service was attempted in a summary proceeding to be filed in this court with an August 24 return date. Personal delivery could not be made and petitioner did not want to await the court’s next date of September 14 because of the intervening Labor Day holiday.
In the absence of a Judge of this court, petitioner, on August 20, obtained an order to show cause from the Supreme Court, acting for this court, directing respondent to appear in this court on Monday, August 24, and directing service of the order to show cause, notice of petition and petition by conspicuous affixing and mailing by certified and regular mail by August 21. Respondent was served in that manner on August 21. In further support of the order to show cause petitioner’s attorney related that respondent was constantly evading service by *725 means of a complex security system with surveillance cameras. The papers were filed on August 21.
The order to show cause, notice of petition and petition each requested a money judgment and the order to show cause specifically requested a judgment for rent arrears and use and occupancy until respondent vacated the premises, plus attorney’s fees.
The court reserved decision on the return date on the money judgment issue and directed petitioner’s attorney to brief the issue which he did by filing a motion on notice to respondent also served by the conspicuous service procedure.
The issue of money judgments in summary proceedings in the absence of personal delivery of process or appearance by the tenant has plagued the courts because of the amendments of the service of process laws and the conflicting court decisions throughout the State. The confusion has led some of the courts (this court included) to the “apparent rule” that money judgments were not allowable in nonpersonal delivery cases. Professor Siegel has explained the courts’ reluctance (see, NY Prac § 575 [2d ed]) as has a New York Law Journal article by Treiman and Feder (Default Money Judgments in Summary Proceedings, July 30, 1985, at 1, col 2). Both are of the opinion that due diligence in attempting service will support a finding of in personam jurisdiction necessary to award a money judgment. (See also, 3 Rasch, New York Landlord and Tenant— Summary Proceedings § 45:12, at 174 [3d ed].)
In 1924 the Civil Practice Act of 1920 was amended (L 1924, ch 514) to permit a landlord to obtain a warrant and a money judgment for rent if the notice (precept) demanded same (Civ Prac Act of 1920 § 1425). Before the amendment a separate action for rent was required. See Matter of McDonald (225 App Div 403 [1929]), which appears to be the case that established the perceived rule that substituted service without a court order could not support a money judgment. In 1965 the Second Department, in Callen v DeKoninck (23 AD2d 757), allowed a money judgment based upon service other than by personal delivery pursuant to a court order where the tenant was evading service. Although the above New York Law Journal article questions whether court-ordered service pursuant to CPLR 308 (5) is available in its RPAPL 735 counterpart, it seems logical to this court that, if due diligence will support the entry of a money judgment, then it certainly should do the same when buttressed by a court order that presumably was secured based upon a prior showing of due diligence. That is *726 especially true in the case at bar where the order to show cause directed service consistent with RPAPL 735.
Since Callen (supra), summary proceedings are directed by the Real Property Actions and Proceedings Law, specifically RPAPL 735 with respect to the manner of service. CPLR 308 directs how personal service may be obtained and when service is complete. If both sections must be complied with in order to obtain a money judgment on the return date, petitioner cannot possibly accomplish that feat. He cannot serve the notice of petition and petition between 5 and 12 days before the return date and have the court declare the tenant in default in not answering within 30 days after service is complete in the case of substituted service. It should be noted that, as distinguished from CPLR 308 (2), RPAPL 735 (1), in the absence of personal delivery, requires that the person served reside or be employed at the premises.
The time problem should not exist in the Justice Court. UJCA 402 requires a minimum return date of six days after personal delivery of the summons or six days after service is complete (upon filing the summons and affidavit of service) where service is other than by personal delivery (UJCA 410). The summons with indorsement or summons and complaint, when properly served, gives the court jurisdiction to enter a money judgment within the above time limits and CPLR 3012 (a) does not apply. The summary proceeding provides a petitioner possessory and money judgment relief in the same proceeding. Except for the landlord who wants both his warrant and money judgment on the return date, in most cases the nonappearing tenant will be in default within a few days later at which time a money judgment may be entered. A diligent process server, however, who starts 12 days before the return date, should be able to afford his client a money judgment on the return date. Minimum return dates in the District Court, Civil Court of the City of New York and the city courts are longer and may still pose a problem in those courts.
A landlord in a nonpayment proceeding is interested in obtaining an eviction warrant as soon as possible because his tenant is often greatly in rent arrears. He or his attorney is cognizant of the time it can take before the Sheriff actually executes the warrant and for that reason must deal with the strict time restraints of RPAPL 733. In doing so he often must forego a money judgment if his tenant cannot be served by personal delivery and the tenant does not appear. Many local courts have sessions once in two weeks or once a month and *727 the landlord will pick his earliest court date with nonpersonal delivery expedited service and forego his money judgment.
Because of the expensive filing fees in the superior courts, summary proceedings are brought in the local courts which have unlimited monetary rent jurisdiction in such proceedings. To relegate a landlord to bring an action at law for rent in excess of $3,000 in the superior court is economically unfeasible aside from resulting in a duplicity of litigation in an already crowded court system not even envisioned when the Legislature in 1924 permitted both possessory and money judgment relief to be accomplished at one time in one court.
For the reasons stated this court holds that there should not be, if indeed there is, a prohibition of entering a money judgment against a tenant in a summary proceeding where he has not been served by personal delivery and has not appeared. Of course, the landlord must provide, by affidavit of his process server, the due diligence required by CPLR 308 (4) if process is by conspicuous service. Service upon a person of suitable age and discretion residing or employed at the subject premises should suffice pursuant to CPLR 308 (2) and RPAPL 735 without a showing of due diligence. (See, Siegel, op. cit., § 575.)
A side issue is to what date rent or use and occupancy is to be measured in order to compute the amount due to the landlord in the summary proceeding. That issue does not usually arise if the judgment is presented during the month for which the last rent was due, as it is pleaded in the petition. Where the case is adjourned for motions, trial, settlement, decision or otherwise and another month begins, that issue does arise. While the case is being litigated, a landlord may move to amend the petition to add subsequent rents due if he serves a demand for same. (Walsam Fifth Ave. Dev. Co. v Lions Gate Capital Corp., 163 Misc 2d 1071.)
The old cases do not answer the question. Some say the tenant’s liability stops at the filing of the proceeding, others when the warrant is issued, and others possibly when the tenant vacates after the warrant is issued but before it is executed. (Riglander v Nile Tobacco Works, 21 Misc 339; Rainier Co. v Smith, 65 Misc 560.) The language of the warrant statute, RPAPL 749, has retained wording similar to the older statutes (Code of Civ Pro of 1876; Civ Prac Act of 1920) in stating “The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant * * * Petitioner may recover by action any sum of money which *728 was payable at the time when the special proceeding was commenced and the reasonable value of the use and occupation to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any provision for payment of rent.” (RPAPL 749 [3].)
The law appears to be that the issuance of a warrant cancels the landlord-tenant relationship and the lease, but the rent obligation continues. Since rent is usually due in advance, the tenant’s rent obligation has accrued as of the commencement of the proceeding and continues to the end of the month if due on the first of the month, despite the issuance of the warrant. (3 Rasch, op. cit, § 46:28, at 225; Cornwell v Sanford, 222 NY 248.) If the tenant has not vacated by the end of that month, the landlord in the same summary proceeding can obtain a money judgment for that month’s rent that has accrued and for the reasonable use and occupation beyond that month until the issuance of the warrant. Furthermore, it would seem under Cornwell that a tenant would be liable in the same proceeding for use and occupation, in the absence of the issuance of a warrant, to the day he vacates. The tenant’s obligation for damages for breach of contract to the end of the lease may be decided in a separate plenary action despite the limitations in the summary proceeding. (Cox v Dorlon Assocs., 113 Misc 2d 670.)
The subject lease provides that the landlord may cancel the lease by giving a three-day notice stating the day the term will end in which case “Tenant continues to be responsible for rent, expenses, damages and losses.” The warrant was issued on September 24, 1998. Although respondent has remained on the premises into October and justice would seem to make him liable for use and occupation until he vacates, the court is constrained to limit the money judgment to the date of the issuance of the warrant as that is what the statute says.
Judgment is entered for the five months’ rent of $825 each, demanded in the petition for April through August, and 80% of September’s use and occupancy in the sum of $660, $1,500 attorney’s fees, $123.98 costs and disbursements, plus $96 interest, for a total of $6,504.98.