OPINION OF THE COURT
Scott Fairgrieve, J.
The respondent’s attorney has submitted an order to show cause pursuant to CPLR 5015 (a) (4) to vacate the money judgment granted to petitioner on January 18, 2001 against respondent in the sum of $9,530.
*551 The affidavit of service of David Gevanter (an attorney) demonstrates that he served the notice of petition and petition as follows:
“On Tuesday, January 9, 2001, at 9:05 p.m., I served the within Petition and Notice of Petition and copy of three day notice to quit upon Arturo Geraldo by serving ‘Jane Doe’. ‘Jane Doe’ is described as approximately 5’7” +/-, blond hair, female, 20’s, followed by First class mail and certified mail on January 9, 2001.”
The affirmation in support of the submitted order to show cause of Attorney Tully doesn’t dispute the affidavit of service submitted by petitioner. The court concludes that proper service was made upon the respondent pursuant to RPAPL 735.
CPLR 308 (2) provides that personal service may be made by service upon “a person of suitable age and discretion” and by mailing “first class to the person to be served.” CPLR 308 (2) has no requirement of additional service by certified or registered mail which is required by RPAPL 735 for jurisdiction to be obtained.
The Expert Analysis of James P. Dollard (NY Cons Laws Serv, Book 4A, CPLR 308 [2], at 234) states the following which has particular relevance to this decision:
“The primary advantage of CPLR 308, subdivision 2, sometimes referred to as ‘leave and mail’ is that it is available without a showing that personal delivery to the person to be served cannot be made with due diligence as is required for ‘nail and mail’ pursuant to subdivision 4, nor does it require a court order (except in matrimonial actions) as does ‘expedited service’, pursuant to subdivision 5. Moreover, the 1987 amendment has made use of this subdivision feasible when the person to be served is a business or professional person whose residence may be unknown to the plaintiff. Prior to the amendment, the mailing had to be made to the defendant’s last known address. Now, as an alternative, the mailing can be made to the same actual place of business where the delivery took place. Nevertheless, since actual notice of the lawsuit is not as certain under this method as under 308 subdivision 1, the technical requirements must be strictly observed * * *
“CPLR 308(2) is constitutional even though there is *552 no guarantee that in all cases the defendant will receive actual notice. It suffices that the method is one ‘reasonably calculated under all the circumstances, to apprise the party of the pendency of the action (Bossuk v Steinberg, [58 NY2d 916]); in Duffy v St. Vincent’s Hosp. (1993, 1st Dept) 198 App Div 2d 31, 603 NYS2d 47, where a security guard refused to accept a summons or allow it to be left at the security gate although he was aware of the purpose of the process server, it was held sufficient to leave it in the ‘general vicinity’ including a nearby lawn.”
In 3 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings (§ 45:14, at 172 [4th ed]), Honorable Robert F. Dolan outlines the following criteria to obtain a money judgment in a summary proceeding:
“To warrant a judgment for rent in a summary proceeding, not only must the notice of petition contain a notice that a demand is made in the petition for judgment for rent in arrears, but the court must acquire jurisdiction of the person of the tenant as if the proceeding were an action for rent. Therefore, before a landlord can be entitled to a money judgment, it must be established that the petition and notice of petition were served personally; or that substituted or conspicuous place service was resorted to only after due and diligent efforts to serve it personally met with failure; or that the tenant appeared voluntarily.”
Thus, service of the petition and notice of petition in such a manner that it satisfies the requirements of CPLR 308 (1), (2) or (4) would suffice for a money judgment in an action for rent.
This court holds that service made pursuant to RPAPL 735 upon a respondent tenant by delivery to a person of suitable age and discretion followed by registered or certified mail and by regular first class mail more than meets the standards established by CPLR 308 (2) and is sufficient for personal jurisdiction to support a money judgment.
Service upon respondent Arturo Geraldo by delivery of the notice of petition and petition upon a person of suitable age and discretion and the additional mailings by regular mail and certified mail satisfy the criteria of CPLR 308 (2) to provide a basis for in personam jurisdiction necessary to render a money judgment. The certified mail requirement of RPAPL 735 is *553 added protection that a respondent will receive notice of a demand for money judgment. As noted previously, CPLR 308 (2) has no requirement for a certified mailing, but has been deemed constitutional to render a money judgment against a defendant pursuant to CPLR 308 (2) where service is done as required.
Professor David P. Siegel writes (NY Prac § 575, at 952-953 [3d ed]) that:
“The RPAPL § 735 alternative of deliver-and-mail is today analogous to the deliver-and-mail method of CPLR 308(2), which gives personal jurisdiction in an action without any need to show a prior effort at personal delivery under CPLR 308(1). Insofar as mechanics alone are involved, therefore, a deliver-plus-mail service under RPAPL § 735 should also support a rent judgment. But CPLR 308(2) requires a filing of proof of service and delays ‘completion’ of service — which starts the responding time running — until 20 days after that. Applying that aspect of CPLR 308(2) would usually show that the return day set in the summary proceeding is too early, i.e., that the notice time is insufficient. Some courts have cited that factor as a reason for denying a rent judgment in non-personal delivery cases.
“It can be argued that these distinctions are unwarranted. Nothing prevents the legislature from stipulating a shorter notice period for rent in a summary proceeding than it requires for a money claim in an action, as long as each procedure satisfies due process. The legislature has expressly authorized a rent judgment in a summary proceeding, as well as the awarding of repossession, and has drawn the service requirements in RPAPL § 735 without distinguishing between them based on method of service.”
In Fleming v Flanagan (178 Misc 2d 723 [Just Ct 1998]), the court traced the history of the confusion over whether actual personal service pursuant to CPLR 308 (1) is necessary to support a money judgment in a summary proceeding. The court concluded (at 727) service pursuant to CPLR 308 (2) was sufficient to support a money judgment against a tenant:
“For the reasons stated this court holds that there should not be, if needed there is, a prohibition of entering a money judgment against a tenant in a summary proceeding where he has not been served *554 by personal delivery and has not appeared. Of course, the landlord must provide, by affidavit of his process server, the due diligence required by CPLR 308 (4) if process is by conspicuous service. Service upon a person of suitable age and discretion residing or employed at the subject premises should suffice pursuant to CPLR 308 (2) and RPAPL 735 without a showing of due diligence. (See, Siegel, op. cit., § 575.)”
The court declines to sign the order to show cause because it lacks merit. This court finds that in personam jurisdiction was obtained over respondent Arturo Geraldo based upon service pursuant to RPAPL 735 and CPLR 308.
Based upon the above, this court rules that in personam jurisdiction was obtained over respondent Arturo Geraldo, and therefore a money judgment shall be entered against him in the amount of $9,530.