OPINION OF THE COURT
Bernice D. Siegal, J.
The petitioner Macerich Queens Limited Partnership (here *277 inafter Macerich) commenced, the instant commercial holdover summary proceeding against respondent M.I.E. Hospitality, Inc. (hereinafter M.I.E.) seeking to recover possession of certain commercial premises located in Elmhurst and a money judgment for claimed rental arrears and use and occupancy accrued from September 2000. Upon M.I.E.’s failure to appear for trial on January 30, 2002, an inquest was held before this court.
At the inquest, the court found the relevant facts to be as follows:
M.I.E. and Macerich’s predecessor-in-interest, Queens Center Associates, L.P., entered into a commercial lease, the term of which expired on June 30, 2001. After the lease expiration, copies of a notice of termination dated November 15, 2001, demanding M.I.E.’s removal from the premises by December 31, 2001, were served on November 20, 2001 (at least 30 days prior to the termination date) by delivery upon an authorized agent of M.I.E. at the demised premises and on November 21, 2001, by delivery to M.I.E.’s attorney in Garden City and upon M.I.E.’s managing agent at its office in Lake Success. In each instance, mailings by first class and certified mail were also made. Service of the notice of petition and petition was then made by delivery, on January 22, 2002, upon a “manager” of the restaurant, at the subject premises, followed by certified and first class mailings of copies of the notice of petition and petition on January 23, 2002 to M.I.E.’s offices in Lake Success, New York, and Bloomsberg, Pennsylvania. Macerich further demonstrated that rental arrears and use and occupancy totaling $97,420.40 accruing from October 2000 were unpaid by M.I.E.
After inquest, the court, finding that service of both the notice of termination and notice of petition and petition were properly effectuated pursuant to RPAPL 735 (1) and that Macerich was entitled to recovery of possession of the subject premises, awarded petitioner Macerich judgment of possession, the warrant of eviction to be issued forthwith, and execution thereof to be stayed 10 days. The court, however, reserved decision on Macerich’s request for a money judgment for arrears in rent and use and occupancy.
It is long established that in order to grant a money judgment against a defaulting tenant in a summary proceeding, the court must first acquire personal jurisdiction over the tenant in the same manner as would be required in a plenary ac *278 tion for rent (see 3 Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 45:14 [4th ed]; Oppenheim v Spike, 107 Misc 2d 55).
In cases involving natural persons as tenants, personal jurisdiction entitling the recovery of a money judgement can be obtained if service has been personally made, either by personal delivery to the respondent as set forth under CPLR 308 (1), delivery upon a person of suitable age and discretion followed by the requisite mailing under CPLR 308 (2) or, if service under either section 308 (1) or (2) cannot be effectuated with due diligence, substituted or conspicuous place service (i.e., “nail and mail”) as provided by CPLR 308 (4). (See, e.g., Touhamy v Geraldo, 187 Misc 2d 550; Fleming v Flanagan, 178 Misc 2d 723.)
. However, the instant proceeding has been brought against a corporate respondent and the Touhamy and Fleming cases, cited by petitioner’s counsel in his memorandum of law, are inapplicable here. In order to obtain the requisite personal jurisdiction over a corporation, service must be made pursuant to CPLR 311. (McDonald v Ames Supply Co., 22 NY2d 111; Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551.) CPLR 311 (a) (1) provides, in relevant part, that personal service upon a corporation shall be made by delivery of the summons “to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service * * * .” Such service under CPLR 311 (a) (1), it has been recognized, is a more stringent standard than what is prescribed under RPAPL 735, which “expressly permits service to be effected upon a corporate respondent by delivery to any ‘person of suitable age and discretion who * * * is employed at the property sought to be recovered’ ” (Rudolph de Winter and Larry M. Loeb, 1995 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 49½, RPAPL 735, 2002 Pocket Part, at 155).
In the matter at bar, while the affidavit of service of the notice of petition and petition establish that personal delivery was made upon a “manager,” as a person “of suitable age and discretion,” petitioner neither adduced any evidence whatsoever that this restaurant manager was a “managing agent” of the respondent corporation nor made any claim that the person served fell within any of the other categories of individuals specified in section 311 (a) (1). The case of Manhattan Embassy Co. v Embassy Parking Corp. (164 Misc 2d 977) (also cited by petitioner), wherein the court upheld delivery to a parking at *279 tendant employed at the premises as valid service upon a corporation, is not applicable to the case at bar, as petitioner in that case sought a judgment of possession only.
Upon all the foregoing, the court finds that the service effectuated upon M.I.E. was not sufficient for the court to acquire personal jurisdiction over the respondent corporation which would entitle petitioner Macerich to a money judgment.
Accordingly, petitioner’s claim for a money judgment is denied and that portion of the petition requesting same is dismissed.