OPINION OF THE COURT
Memorandum:.
Final judgment, insofar as appealed from, reversed without costs and matter remanded to the court below for the entry of an amended final judgment awarding landlord possession and the sum of $5,400 as against tenants Elhassan Berrahu and Celia N arañe.
Landlord commenced this nonpayment proceeding seeking possession and $5,400 in rent arrears. Personal delivery of the notice of petition and petition was unsuccessful; the affidavit of service notes that attempts were made to effect service on Monday, December 12, 2005 at 9:00 a.m., 5:00 p.m. and 8:00 p.m., and Tuesday, December 13, 2005 at 3:00 p.m. and 9:00 p.m., prior to affixing the papers to the door of the premises and subsequent mailings by certified and first-class mail. After tenants failed to appear, landlord was awarded a default final judgment of possession only. Landlord appeals, arguing that the court below should have awarded him a money judgment for the rent arrears.
As service in this matter, in addition to satisfying the “reasonable application” standard of RPAPL 735 (1), was effected in a manner that would meet the “due diligence” standard of CPLR 308 (4), and would have been sufficient to obtain personal jurisdiction and a money judgment had this been a plenary action, we hold that landlord is entitled to recover a money judgment herein.
RPAPL 735 (1) provides that service in a summary proceeding may be made:
*87 “by personally delivering [the notice of petition and petition] to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered” and mailing, in either suitable age/discretion or conspicuous place service, in accordance with the statute.
CPLR 308 provides for personal jurisdiction to be obtained over individuals through “any of the following methods”:
“1. by delivering the summons within the state to the person to be served; or
“2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served [and mailing and filing in accordance with the statute]; or “3. by delivering the summons within the state to the agent for service of the person to be served • • • ?
“4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served [and mailing and filing in accordance with the statute];
“5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.”
Under RPAPL 735 (1), the standard that must be met before resort may be had to conspicuous place service is “reasonable application,” rather than the “due diligence” standard of CPLR 308 (4). Like the “due diligence” requirement, the requirement of “reasonable application” need only be met, by the terms of the statute, when the method of service is conspicuous posting; however, a lower level of effort is required to support a finding of “reasonable application” than is required to show “due diligence” (see e.g. Eight Assoc. v Hynes, 102 AD2d 746, 748 [1984], affd 65 NY2d 739 [1985]; Brooklyn Hgts. Realty Co. v Gliwa, 92 AD2d 602 [1983]).
*88 The rule currently followed in many of the lower courts prohibiting the award of a money judgment upon a tenant’s default in a summary proceeding unless personal jurisdiction was obtained by personal delivery is generally ascribed to Matter of McDonald (Hutter) (225 App Div 403 [1929]; see Ressa Family v Dorfman, 193 Misc 2d 315 [Nassau Dist Ct 2002]). In McDonald, the Appellate Division, Fourth Department, ruled that substituted service pursuant to former Civil Practice Act § 1421 (the predecessor of RPAPL 735), whether by service upon a person of suitable age and discretion or by conspicuous placement, produced only in rem and not personal jurisdiction, and that therefore only possession of the premises, the “res” sought in the proceeding, could be awarded. While acknowledging that the language of former Civil Practice Act § 1425, as amended in 1924 (L 1924, ch 514) to permit the recovery of a money judgment for rent in summary proceedings, was “broad enough to permit the construction” that any method of service which satisfied former Civil Practice Act § 1421 should support a money judgment, the court declined to read the statute in that manner, in light of the constitutional and statutory requirements for personal jurisdiction at that time (Matter of McDonald, 225 App Div at 405; see also Brambir v Seifert, 127 Misc 603 [App Term, 1st Dept 1926]).
Prior to the amendment of Civil Practice Act § 1425, no money judgment was recoverable in a summary proceeding at all; commencement of a plenary action was required. The 1924 amendment, under which McDonald was decided, provided for the recovery of such a judgment as follows:
“If the precept [equivalent to a notice of petition] contain a notice that demand is made in the petition for a judgment for rent in arrears, and the precept is served at least five days before the return day thereof, the court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due.”
However, at that time, only personal service or substituted service upon application to the court (or defendant’s voluntary appearance) could support the entry of a money judgment even in a plenary action (Matter of McDonald, 225 App Div at 406; see also Pennoyer v Neff, 95 US 714 [1877]). Thus, the Appellate Division concluded that to allow a money judgment based upon an affidavit of substituted service alone, with no application to the court prior to effecting substituted service, was a novel step *89 that the court did not believe the Legislature intended to, or even could, take given the United States Supreme Court’s holding in Pennoyer that such service unconstitutionally deprived nonresident defendants of due process (Matter of McDonald, 225 App Div at 406).
Nevertheless, even in cases decided under the Civil Practice Act, where service in a summary proceeding was made in a manner sufficient to support the then applicable standards for a money judgment, the courts allowed the entry of such a judgment in summary proceedings upon the tenant’s default. Thus, in Callen v De Koninck (23 AD2d 757 [1965]), involving court-ordered substituted service, the Appellate Division, Second Department, ruled that because the landlord had met the statutory requirements then in place under the former Civil Practice Act for obtaining a money judgment in a plenary action, the landlord was entitled to a money judgment upon the tenant’s default in a summary proceeding. Indeed, the holding in McDonald itself was that a money judgment should be available in a summary proceeding where jurisdiction had been obtained in a manner which would then support a money judgment in a plenary action.
The constitutional due process landscape and the statutes and case law of the State of New York have changed radically in the years following the Fourth Department’s ruling in McDonald. With the 1962 enactment of CPLR 308, personal jurisdiction sufficient to allow for the recovery of a money judgment may, without court order, be obtained both by service upon a person of suitable age and discretion and by conspicuous place service, and either method is constitutional (see e.g. Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950] [service permitted by any method reasonably calculated to give notice of the proceeding and an opportunity to be heard]; Arnold v Lyons, 2003 NY Slip Op 50766[U], *6 [Nassau Dist Ct 2003] [“the underlying constitutional doctrine of Pennoyer is now long since abandoned, and the once-novel methods of obtaining jurisdiction utilized by the (former) subject statute are now routine”]; Ressa Family v Dorfman, 193 Misc 2d 315 [2002], supra). In light of this change, some lower courts, interpreting McDonald and Callen to allow the entry of money judgments upon default in summary proceedings whenever service was effected in a manner sufficient to allow the entry of a default judgment in a money action, have allowed the entry of default money judgments in summary proceedings where *90 substituted service was made upon a person of suitable age and discretion, or at least have considered that such a judgment would be available in a proper case (see e.g. Guevera v Cueva, 5 Misc 3d 1024[A], 2004 NY Slip Op 51531[U] [Nassau Dist Ct 2004]; Macerich Queens Ltd. Partnership v M.I.E. Hospitality, 192 Misc 2d 276 [Civ Ct, Queens County 2002]; Fleming v Flanagan, 178 Misc 2d 723 [Ramapo Just Ct 1998]), and this court has previously sustained such an award (see Touhamy v Geraldo, 2002 NY Slip Op 50705[U] [App Term, 9th & 10th Jud Dists 2002] [service upon a person of suitable age and discretion supported a money judgment in a summary proceeding]). Moreover, in at least one reported case, a money judgment was granted upon the tenant’s default in a summary proceeding, on a showing that conspicuous place service was made in accordance with the “due diligence” standard set forth in CPLR 308 (Dolan v Linnen, 195 Misc 2d 298 [Civ Ct, Richmond County 2003]; see also Oppenheim v Spike, 107 Misc 2d 55, 56 [App Term, 1st Dept 1980]). Other courts, however, have interpreted McDonald to mean that money judgments can be entered upon a tenant’s default only upon a showing that the petition was personally delivered to the tenant (e.g. Ressa Family v Dorfman, 193 Misc 2d 315 [2002], supra). The issue of whether conspicuous place service, made in accordance with the “due diligence” standard set forth in CPLR 308 (4), can support entry of a money judgment in a summary proceeding upon a tenant’s default, is now squarely before this court in the present matter. Since we are persuaded that the proper interpretation of McDonald and Callen is that a money judgment should be available in a summary proceeding whenever service has been effected in a manner which would support a money judgment, we hold that service sufficient to satisfy CPLR 308 (4) and, indeed, any of the CPLR 308 provisions, is sufficient to support an award of a money judgment in a summary proceeding.
The key consideration in determining whether a money judgment should be recoverable upon any default, including a tenant’s default in a summary proceeding, is whether the service procedure followed is sufficient to meet New York State and federal constitutional requirements of notice and an opportunity to be heard. The “due diligence” requirement of CPLR 308 clearly suffices for this purpose, and once personal jurisdiction has been obtained over a respondent or defendant, the ability to obtain a money judgment just as surely follows. The existence of various rules relating to the timing of the entry *91 of such judgment — such as the rule that a default judgment cannot be entered in a plenary action absent 20 days’ mailed notice (CPLR 3215 [g] [3]), cited in an attempt to show that the CPLR provides a level of protection unavailable in a summary proceeding (see e.g. Arnold v Lyons, 2003 NY Slip Op 50766[U] [Nassau Dist Ct 2003]) — does not alter this fact; the rules merely govern matters of procedure. For all of the above reasons, under modern conceptions of due process, obtaining personal jurisdiction in a manner consistent with state and federal constitutional standards and with the statutory standards that apply to actions for money in the State of New York should permit the entry of a money judgment in a summary proceeding, regardless of the method of service employed (see e.g. Scherer, Residential Landlord-Tenant Law in New York § 15:11, at 835 [2007 ed]; Siegel, NY Prac § 575, at 993 [4th ed]). As the Honorable Fern Fisher has stated:
“It is somewhat ironic that the standard for service of process for a possessory judgment is less stringent than that for a money judgment. The possessory judgment granted in a summary eviction proceeding authorizes forcible eviction of the respondent from her/his home, a matter of far greater importance, in most instances, than the interest in avoiding a money judgment” (Scherer, Residential Landlord-Tenant Law in New York § 15:11, at 836).
Several advantages of permitting the recovery of default money judgments upon substituted service have been noted. Perhaps most compelling, as landlord in the present case notes, the denial of such judgments only encourages tenants in arrears to actively evade personal delivery, knowing that the landlord might never commence a separate, costly, plenary action to recover the rent. “Beating the rent” in this manner has arguably become a significant cost of doing business for landlords, and is passed on to all tenants accordingly (see Ressa Family v Dorfman, 193 Misc 2d at 322). With the incentive to evade personal delivery removed, tenants might be more inclined to come to court to present any defenses that they might have, resulting in a more complete record, enhancing the quality of adjudications in summary proceedings, and making settlement possible, to the benefit of the parties and the court. In addition, the availability of a money judgment upon a tenant’s default advances the interest of judicial economy, by alleviating the need to litigate the same transaction multiple times in multiple forums to obtain complete relief.
*92 Therefore, for the foregoing reasons, we hold that money judgments shall be available upon a tenant’s default in a summary proceeding, without regard to the manner of service effected therein, upon a showing that such service would be sufficient to support the entry of a money judgment in a plenary action.
Rudolph, RJ., Emerson and LaCava, JJ., concur.