*82 OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the appeals are consolidated for the purposes of disposition; and it is further, ordered that the appeal from the order dated May 2, 2012 is dismissed, as the right of direct appeal therefrom terminated with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]); and it is further, ordered that the appeal from the final judgment is dismissed except insofar as it brings up for review the orders dated February 9, 2012 and May 2, 2012; and it is further, ordered that the final judgment, insofar as reviewed, is reversed, without costs, the order dated May 2, 2012 is vacated and the branch of tenant’s motion seeking to dismiss the petition based upon a lack of personal jurisdiction is granted; and it is further, ordered that the appeal from the order dated June 29, 2012 is dismissed as moot.
In this commercial nonpayment summary proceeding, tenant moved to dismiss the petition on several grounds, including a lack of personal jurisdiction and petitioner’s lack of standing. By order dated February 9, 2012, the Civil Court (Carol Ruth Feinman, J.), among other things, denied the branch of tenant’s motion seeking to dismiss the proceeding based upon petitioner’s lack of standing and ordered a traverse hearing. After petitioner’s process server failed to appear at the traverse hearing, the Civil Court (Carolyn E. Wade, J.) took judicial notice of the affidavit of service and held that it was prima facie evidence of proper service. Consequently, by order dated May 2, 2012, the court denied the branch of tenant’s motion seeking to dismiss the petition based on a lack of personal jurisdiction. Since tenant had not interposed an answer, a default final judgment was entered on May 2, 2012 in favor of petitioner, awarding it possession and the sum of $262,373.84. Tenant subsequently moved to vacate the default final judgment, and, by order dated June 29, 2012, the Civil Court (Carolyn E. Wade, J.) denied that motion as well.
While no appeal lies from an order or judgment entered upon the default of the appealing party (see CPLR 5511), the appeal from the final judgment brings up for review the Civil Court’s February 9, 2012 and May 2, 2012 orders, since they are matters that were “the subject of contest” before the Civil Court (see James v Powell, 19 NY2d 249, 256 n 3 [1967]; HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061 [2011]; Dervisevic v Dervisevic, 89 AD3d 785 [2011]).
*83 We note at the outset that where an issue of jurisdiction is raised as one among other grounds for dismissal, the jurisdictional issue must be determined first (see Flatbush Chiropractic, P.C. v Auto Club Ins. Assn., AAA Mich., 43 Misc 3d 132[A], 2014 NY Slip Op 50619[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
At a traverse hearing, it is the petitioner’s burden to establish jurisdiction by a preponderance of the evidence, and, except in circumstances not present here (see CPLR 4531), a process server’s affidavit alone is not sufficient to support a finding of jurisdiction (see Skyline Agency v Coppotelli, Inc., 117 AD2d 135 [1986]; Kaszovitz v Weiszman, 110 AD2d 117 [1985]). Since petitioner’s process server did not testify at the traverse hearing, it was improper for the Civil Court to consider the affidavit, and, thus, petitioner did not meet its burden. Accordingly, the branch of tenant’s motion seeking to dismiss the petition for lack of personal jurisdiction should have been granted.
Incidentally, we note that, even if the Civil Court had properly overruled the traverse in this proceeding, it should not have entered a default final judgment against tenant. First, under the circumstances, it was improper to hold tenant in default. Pursuant to CPLR 404 (a), if a pre-answer motion to dismiss a petition in a special proceeding is denied, “the court may permit the respondent to answer, upon such terms as may be just.” As this is not a case in which an answer would have served no purpose (see Matter of Dodge, 25 NY2d 273 [1969]), the Civil Court should have allowed tenant an opportunity to answer (see Matter of Cline v Donovan, 72 AD3d 471 [2010]; Eklecco Newco, LLC v Chagit, Inc., 12 Misc 3d 143[A], 2006 NY Slip Op 51421[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). In any event, even if tenant had properly been held in default, the Civil Court should not have entered a default judgment here, since the petition was verified only by petitioner’s attorney, and petitioner did not support the petition by submitting an affidavit executed by someone with personal knowledge of the facts (see Sella Props. v DeLeon, 25 Misc 3d 85 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009] [the holding of which has been incorporated into Civil Court Directive DRP-191-A, and made applicable throughout the City of New York]). Moreover, petitioner failed to serve the notice of petition and petition in a manner sufficient to satisfy the CPLR’s requirements for an award of a money judgment in a plenary action, as is required to enter a default money judgment in a summary *84 proceeding (see Avgush v Berrahu, 17 Misc 3d 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]).
We further note that tenant established its claim that petitioner lacked standing by submitting a referee’s deed showing that ownership of the subject building had passed from petitioner prior to the commencement of this proceeding (see Muzio v Rogers, 20 Misc 3d 143[A], 2008 NY Slip Op 51763[U] [App Term, 1st Dept 2008]).
Accordingly, the final judgment, insofar as reviewed, is reversed, the order dated May 2, 2012 is vacated and the branch of tenant’s motion seeking to dismiss the petition based upon a lack of personal jurisdiction is granted.
Aliotta, J.P., and Solomon, J., concur; Pesce, J., taking no part.