4250 Broadway Retail Owners LLC v Bavaro Smoke Shop, Inc. (2024 NY Slip Op 51481(U))

[*1]

4250 Broadway Retail Owners LLC v Bavaro Smoke Shop, Inc.

2024 NY Slip Op 51481(U)

Decided on October 30, 2024

Civil Court Of The City Of New York, New York County

Marcus, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 30, 2024
Civil Court of the City of New York, New York County

4250 Broadway Retail Owners LLC, Petitioner-Landlord,

against
Bavaro Smoke Shop, Inc. A/K/A Bavaro Smoke Shop Inc., Respondent-Tenant, "XYZ CORPORATION," Respondent-Undertenant.

Index No. LT-311425-24 /NY

Petitioner: HORING WELIKSON ROSEN & DIGRUGILLIERS, P.C., 11 Hillside Avenue, Williston Park, NY 11596
Defendant: Law Office of Marc Scolnick, 8403 Cuthbert Rd., Ste. 1B, Kew Gardens, NY 11415

Ilana J. Marcus, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to Show Cause, Affirmation & Affidavit in Support, Exhibits 1
Affirmation & Affidavit in Opposition, Exhibits 2
In this summary nonpayment proceeding, the court issued a default judgment against respondent dated August 14, 2024, based on respondent's failure to answer or appear in the matter (see NYSCEF Doc. No. 8). Respondent BAVARO SMOKE SHOP, INC. A/K/A BAVARO SMOKE SHOP INC. ("respondent") moves to vacate the default judgment and for leave to file a late answer. Petitioner opposes. Respondent's order to show cause (OSC) is denied as follows:
Petitioner commenced the instant action by filing its notice of petition and petition on June 24, 2024 (see NYSCEF Doc. Nos. 1, 2). Pursuant to RPAPL 735, petitioner served respondent with the pleadings by conspicuous place service on June 28, 2024, with subsequent mailing by certified and regular first-class mail on June 29, 2024 (see NYSCEF Doc. Nos. 4). Respondent failed to appear or answer, and petitioner applied for a warrant requisition on or about August 1, 2024 (see NYSCEF Doc. No. 7). By decision and order dated August 14, 2024, the court granted petitioner's application for default and awarded petitioner a final judgment of [*2]possession of the subject premises with a warrant of eviction to issue forthwith (see NYSCEF Doc. No. 8). The court authorized an earliest execution date on the warrant of August 23, 2024 (see id.). 
Respondent moves to vacate the default judgment pursuant to CPLR 5015(a)(1) and 5015(a)(3) (see NYSCEF Doc. No. 12). Respondent submits the affidavit of Gamal Saedi, owner and operator of respondent (see NYSCEF Doc. No. 13). Mr. Saedi states that neither he nor an employee of his store were served with the predicate 14-day rent demand (see id., ¶4). Mr. Saedi states that the affidavit of service of the 14-day rent demand does not provide a description of the employee allegedly served (see id., ¶5). Mr. Saedi also states that he does not know a "Brian Shaw" as an agent of the landlord authorized to sign notices on the landlord's behalf (see id., ¶6). Mr. Saedi further states that petitioner failed to properly serve it with the notice of petition and petition because it went to the business when the business was closed (see id., ¶7). Mr. Saedi states that he was not personally served with any documents and that he was under the impression that respondent and petitioner were resolving the matter outside of court (see id., ¶10, 12).
Pursuant to CPLR 5015(a)(1), to vacate the default judgment, respondent must demonstrate both a reasonable excuse for its default (see CPLR 5015[a][1]) and a meritorious defense (see Brown v Suggs, 38 AD3d 329, 330 [1st Dept 2007]). Respondent fails to articulate both a reasonable excuse for failing to appear or answer and a meritorious defense.
Respondent states that it did not appear because it was improperly served with the notice of petition and petition. A petitioner's affidavit of service establishes prima facie proof of proper service (see Wells Fargo Bank, NA v Njoku, 148 AD3d 438 [1st Dept 2017]). In order to rebut that prima facie showing, respondent must provide a "sworn nonconclusory denial of service" that "dispute[s] the veracity or content of the affidavit," thereby necessitating a traverse hearing (NYCTL 1998-1 Trust & Bank of NY v Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]).
In the instant matter, petitioner's affidavit of service affirms the process server served respondent with the notice of petition and petition by conspicuous place service at the property sought to be recovered on June 28, 2024, at 9:04 am, by affixing a copy of the pleadings for each respondent to the entrance door of respondent's place of business after one prior failed attempt at personal delivery on June 27, 2024, at 3:01 pm; and then mailed copies of the pleadings by first-class mail and certified mail to the same address on June 29, 2024 (see NYSCEF Doc. No. 4). With its affidavit of service, petitioner establishes prima facie proof of proper service (see RPAPL 735[1][b]).
Respondent fails to rebut this showing with a non-conclusory denial of service. Gamal Saedi's affidavit states that petitioner went to the premises when the business was not open (see NYSCEF Doc. No. 12, ¶7). Petitioner attempted to effectuate service on respondent's smoke shop during regular 9-5 business hours on a Thursday (June 28) and a Friday (June 29). As such, petitioner made a reasonable application to effectuate personal or substitute service on the corporate respondent prior to effectuating conspicuous place service pursuant to RPAPL 735(1)(b). Consequently, respondent fails to establish a reasonable excuse for its default.
Additionally, respondent fails to set forth a meritorious defense to the action. Respondent does not deny it owes petitioner arrears in this non-payment action. Instead, respondent argues that it was not properly served with the 14-day rent demand, that it was not properly served with the notice of petition and petition, and that the 14-day rent demand was improperly signed without authority. All of respondent's arguments are without merit.
Respondent argues that it was improperly served with the 14-day rent demand because petitioner failed to personally serve respondent through Gamal Saedi or an employee of the store. A 14-day rent demand must be served in the same manner as a notice of petition and petition (see RPAPL 711[2]). RPAPL 735 sets forth the permissible ways of effecting service in an Article 7 summary proceeding.
Petitioner's affidavit of service of its 14-day rent demand states that on March 1, 2024, it served '"John Doe' employee, a person of suitable age and discretion, who was willing to receive [the 14-day notice] and who was employed at" the property sought to be recovered (see NYSCEF Doc. No. 1). Petitioner's process server describes "John Doe" as male, with brown skin, age: 35 years, height: 5'8", weight: 150 lbs., and with black hair (see id.). Petitioner mailed a copy of the 14-day rent demand to the property sought to be recovered by regular first-class mail and certified mail on March 2, 2024 (see id.). Petitioner's affidavit of service establishes prima facie proof of proper service of the rent demand on respondent (see RPAPL 735[1][b]).
Respondent fails to rebut petitioner's showing with a non-conclusory denial of service. Respondent states that petitioner fails to provide a description of the person served (see NYSCEF Doc. No. 12, ¶5). This is incorrect. Petitioner provided a detailed description of the "John Doe" served (see NYSCEF Doc. No. 1).
Respondent further states that Gamal Saedi was not personally served as an officer of respondent, and therefore, both the service of the rent demand and the notice of petition and petition are defective. To establish personal jurisdiction in a summary RPAPL Article 7 landlord-tenant proceeding, petitioner must serve respondent pursuant to RPAPL 735. Service pursuant to the CPLR 311 is only an issue if respondent fails to appear or answer the petition and petitioner moves for a money judgment upon default (see Avgush v Berrahu, 17 Misc 3d 85 (App Term, 2d Dept 2007); Macerich Queens Ltd. P'ship v M.I.E. Hosp., Inc., 192 Misc 2d 276 [Civ Ct, Qns Cty 2002]; Dolan v Linnen, 195 Misc 2d 298 [Civ Ct, Richmond Cty 2003]). Petitioner did not receive a money judgment with its default judgment (see NYSCEF Doc. No. 8), and therefore, CPLR 311 is inapplicable to respondent's disputed service of the pleadings.
Respondent also cites Siegel v Kentucky Fried Chicken of Long Island, Inc., 108 AD2d 218 [2d Dept 1985], aff'd, 67 NY2d 792 [1986]), and argues that the 14-day rent demand was improperly signed by Brian Shaw as agent of petitioner without authority. Respondent's argument is without merit. Section 27.05 of the parties' lease explicitly states that "All notices given from one party to the other, including, without limitation, notices of default and/or termination of Tenant's interests under this Lease, maybe given by such party's attorney acting as agent on behalf of such party" (NYSCEF Doc. No. 26, §27.05).
Petitioner's rent demand is brought by 4250 Broadway Retail Owners LLC as Landlord and signed by "Brian W. Shaw, Esq. — Attorney for Landlord" (see NYSCEF Doc. No. 1). As such, the rent demand was properly signed and issued with authority by petitioner's attorney. 
Finally, respondent argues the default judgment must be vacated on the grounds of fraud, misrepresentation, or other misconduct of an adverse party (see CPLR 5015[a][3]). Respondent fails to set forth sufficient facts establishing a prima facie showing that petitioner acted by some device, trick or deceit and in way that prevented respondent from fully and fairly litigating the matter (see In re Holden, 271 NY 212 [1936]).
Accordingly, it is hereby
ORDERED that respondent's order to show cause is denied and all stays are lifted.
This constitutes the decision and order of the court.
DATED: October 30, 2024
ENTER:
ILANA J. MARCUS
Judge of the Civil Court