Hakim v Ahmed (2024 NY Slip Op 51781(U))

[*1]

Hakim v Ahmed

2024 NY Slip Op 51781(U)

Decided on December 13, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through January 07, 2025; it will not be published in the printed Offical Reports.

Decided on December 13, 2024
Civil Court of the City of New York, Queens County

Ahmed A. Hakim, Petitioner,

against
Hasna Ahmed, MOHAMMED MANNAN, IFTEKHAR AHMED, MASHFIQUE AHMED, HALIMA JESI, 
 "JOHN DOE", "JANE DOE", Respondents.

Index No. L&T 310346/24

Adam Fertig, Esq.
Fertig & Fertig
Ozone Park, NY 
Attorneys for petitioner
Rajiv Syed, Esq.
Law Offices of Rajiv Syed, PLLC
Fresh Meadows, NY 
Attorney for respondent Iftekhar Ahmed

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent Iftekhar Ahmed's motion to dismiss, or in the alternative, to interpose an answer:
Papers                                                       Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #8-9) 
Affirmation in Opposition & All Documents Annexed 2 (NYSCEF #10-14)
Affirmation in Reply 3 (NYSCEF #15)
Upon the foregoing cited papers, the decision and order on respondent's motion is as follows:
PROCEDURAL HISTORY
This summary holdover proceeding based on a "Ninety Day Notice [of] Termination of Tenancy" was filed in June 2024. Counsel for all respondents except the Does appeared in September 2024. Thereafter, in November 2024, counsel for respondents moved, only on behalf of Iftekhar Ahmed (hereinafter "respondent"), to dismiss on personal jurisdiction and other grounds. Following the submission of opposition and reply papers, the court heard argument on the motion on December 11, 2024 and reserved decision. 
[*2]DISCUSSION/CONCLUSION
The court first addresses respondent's request for dismissal on the basis of alleged service of the notice of petition and petition, in effect pursuant to CPLR § 3211(a)(8), as personal jurisdiction is a threshold issue (see Elm Mgt. Corp. v. Sprung, 33 AD3d 753, 755 [2d Dept 2006]; 77 Commercial Holding, LLC v. Central Plastic, Inc., 46 Misc 3d 80, 83 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Respondent (Iftekhar Ahmed) asserts that he was not served with the notice of petition and petition. He states in his affirmation that he received an earlier envelope, postmarked on February 28, 2024 (presumably for the notice of termination), but did not receive any mailings with the notice of petition and petition. In support, he attaches copies of envelopes addressed to respondents Mohammed Mamman and Hansa Ahmed, and states that he did not receive any mailing addressed to him at the time. Respondent also references the envelopes that were received by the other respondents not bearing a "personal and confidential" notation. 
Petitioner opposes the challenge to personal jurisdiction, and highlights the fact that the RPAPL, which applies to summary eviction proceedings, does not include a requirement that mailings include a "personal and confidential" marking, unlike CPLR § 308(4). 
Petitioner is correct that RPAPL § 735, which governs service in summary eviction proceedings, does not include any requirement that mailings of pleadings include a "personal and confidential" marking. RPAPL § 735, rather than CPLR § 308, governs service in summary eviction proceedings (see First Natl. Bank of Chicago v. Silver, 73 AD3d 162, 167 [2d Dept 2010]; Brooklyn Heights Realty Co. v. Gliwa, 92 AD2d 602, 602 [2d Dept 1983]; Avgush v. Berrahu, 17 Misc 3d 85, 86 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). Only while the COVID-19 Emergency Eviction and Foreclosure Prevention Act (CEEFPA) was in effect was a higher "due diligence" standard required for service in summary eviction proceedings (see 204 43rd Owners Corp. v. Pimentel, 77 Misc 3d 1219[A], 2022 NY Slip Op 51317[U], *3 [Civ Ct, Queens County 2022]; Bel Air Leasing v. Johnston LP, 73 Misc 3d 809 [Civ Ct, Kings County 2021]).[FN1]
As this proceeding was commenced in 2024, more than 2 years after the expiration of CEEFPA, only RPAPL § 735 service was required. Since there is no requirement in RPAPL § 735 that mailings bear a "personal and confidential" marking, there is no basis to dismiss the proceeding because of the lack of any such marking on the envelopes at issue here.
As to respondent's general assertion that he was not served with the notice of petition or receive any mailings, appellate caselaw holds that a process server's facially-sufficient affidavit of service creates a presumption of proper service (see Deutsche Bank Natl. Trust Co. v. Quinones, 114 AD3d 719 [2d Dept 2014]; Tzifil Realty Corp. v. Temammee, 46 Misc 3d 144[A], 2015 NY Slip Op 50196[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In order to rebut the presumption and justify a traverse hearing, a respondent must "submit a sworn, nonconclusory denial of service." (Temammee, 2015 NY Slip Op 50196[U], *2; see also ACT Props., LLC v. Garcia, 102 AD3d 712, 713 [2d Dept 2013] [Defendant's "conclusory and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the process server's affidavits of service."]). The affidavit of service filed by petitioner (NYSCEF Doc. 5) describes substitute service upon [*3]Mohammed Mannan and mailings within one day upon each of the other respondents, including Iftekhar Ahmed, by certified mail and regular first class mail. The affidavit of service was also filed on NYSCEF on the same date as the mailings. Thus, the affidavit describes facially-sufficient substitute service pursuant to RPAPL § 735. The court does not find Iftekhar Ahmed's affirmation to adequately and non-conclusorily rebut the statements contained in the affidavit of service to warrant a traverse hearing (see Temammee, 2015 NY Slip Op 50196[U], *2). Accordingly, the court denies respondent's motion to the extent that it seeks dismissal for lack of personal jurisdiction.
Respondent also seeks dismissal on the basis that a necessary party was not named in the proceeding. The argument is predicated on the assertion in the attorney affirmation in support of the motion that a person on a lease with respondent Mohammed Mannan was not named as a party herein. An unauthenticated copy of a lease is annexed to the motion. In opposition, petitioner acknowledges the lease from 2017 between Rowshan Akhtar and Mohamed Mannan, but states that it was provided only for benefits purposes. Petitioner states in his affidavit that he and his cousin, Rowshan Akhar, have co-managed the property since 2009 and have shared ownership via successive deeds but that he has been the primary contact person with respondents and has accepted rent payments directly from them.
On a CPLR § 3211(a)(7) motion for failure to state a cause of action, the petition "is to be afforded a liberal construction, the facts alleged are presumed to be true, the [petitioner] is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory." Watts v. City of New York, 186 AD3d 1577, 1578 [2d Dept 2020]. When evidentiary material is offered and considered on such a motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one[.]" Guggenheimer v. Ginzburg, 43 NY2d 268, 275 [1977]. 
In affording petitioner every favorable inference here, the court does not find that respondent has demonstrated a basis for dismissal because of the lack of a necessary party. Petitioner has made an adequate showing, at the pleading stage, that he has standing to proceed herein as a landlord (see RPAPL § 721(1)). Moreover, the unauthenticated lease is not sufficient, by itself, to conclusively establish a defense as to the omission of a necessary party upon documentary evidence pursuant to CPLR § 3211(a)(1) (see Goshen v. Mutual Life Ins. Co. of New York, 98 NY2d 314, 326 [2002]; see also Fontanetta v. John Doe 1, 73 AD3d 78, 86 [2d Dept 2010]). As a result, the balance of respondent's motion to dismiss is denied. 
Pursuant to CPLR § 404(a), the court will grant respondent's alternative request to interpose an answer. Respondents shall be permitted to file an answer no later than January 3, 2025 (see Matter of Cardinale v. NYC Dept. of Education, 204 AD3d 994, 997 [2d Dept 2022]). This proceeding will be restored to Part B, Room 403, for all purposes, including trial transfer, on January 10, 2025 at 9:30 AM.
This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: December 13, 2024
Queens, New York
HON. CLINTON J. GUTHRIE
J.H.C.

Footnotes

Footnote 1:The relevant service provisions of CEEFPA expired on January 15, 2022 (see Pimentel, 2022 NY Slip Op 51317[U], *3]).