Villalba v City of Auburn

2026 NY Slip Op 02747

May 1, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

LESSIE VILLALBA, PLAINTIFF-RESPONDENT,

v

CITY OF AUBURN, DEFENDANT-APPELLANT, ET AL., DEFENDANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

168 CA 24-01818

Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

GROSS SHUMAN P.C., BUFFALO (D. CHARLES ROBERTS OF COUNSEL), FOR DEFENDANT-APPELLANT.

HUFFMAN LAW FIRM, P.C., AUBURN (JUSTIN T. HUFFMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order and judgment (one paper) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered October 4, 2024. The order and judgment, inter alia, reserved decision on that part of defendants' motion seeking to dismiss the complaint against defendant City of Auburn on the ground that plaintiff failed to properly serve that defendant.

[*1]

It is hereby ORDERED that the case is held, the decision is reserved, and the matter is remitted to Supreme Court, Cayuga County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action sounding in negligence, negligent training, and excessive force against, among others, defendant City of Auburn (City). According to plaintiff, during a traffic stop, City police officers dragged plaintiff to the hood of her vehicle and slammed her head into the hood. Plaintiff alleges that she was denied medical treatment at the police station. In lieu of answering, defendants moved to dismiss the complaint. Supreme Court, inter alia, reserved decision on the motion insofar as it was based on the ground that plaintiff failed to properly serve the City and held that a traverse hearing was required, but otherwise denied the motion on the other grounds raised. The City appeals from the order and judgment to the extent that it denied the motion on those other grounds.

The court should have first conducted the traverse hearing and determined the jurisdictional issue before making a determination on the other grounds raised on the motion (see Elm Mgt. Corp. v Sprung, 33 AD3d 753, 755 [2d Dept 2006]; 77 Commercial Holding, LLC v Central Plastic, Inc., 46 Misc 3d 80, 83 [App Term, 2d Dept, 11th & 13th Jud Dists 2014]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court to conduct a traverse hearing and thereafter make a determination on the motion.

Entered: May 1, 2026

Ann Dillon Flynn

Clerk of the Court